UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-169 |
| | ) | (PHILLIPS/GUYTON) |
| RICHARD EUGENE DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's *pro se* letter [Doc. 18] relating the defendant's concerns about the November 12, 2008 search of his home pursuant to a warrant. This letter was filed with the Court on December 9, 2008. On December 11, 2008, the defendant appeared before the undersigned for a hearing on appointed counsel Jonathan Moffatt's Motion to Substitute Counsel [Doc. 15]. At that hearing, the Court appointed substitute defense counsel Russell T. Greene to represent the defendant. No mention was made of the defendant's *pro se* letter at this hearing.

Generally, *pro se* motions filed while the party is represented by counsel violate the local rules:

> Whenever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the court, after notice by the party to the attorney and to the opposing party. However, the court may, in its discretion, hear a party in open court, notwithstanding the fact that the party is

represented by an attorney.

Local Rules of the United States District Court for the Eastern District of Tennessee, LR 83.4(c). The defendant's *pro se* filing, while not docketed as a motion, seeks to notify the Court of certain problems relating primarily to the execution of the search warrant for the search of the defendant's residence. The defendant has been continuously represented by counsel, first Attorney Moffatt and now Attorney Greene, and he presents no valid or compelling reason for granting him permission to file *pro se* pleadings while he continues to be represented by counsel. The defendant runs the risk of waiving his attorney-client privilege and disclosing the details of his defense strategy by such filings. Accordingly, the defendant's *pro se* letter [**Doc. 18**] is **DENIED as moot** to the extent that it can be taken to be a motion. Attorney Greene is **DIRECTED** to review the letter [Doc. 18] and determine whether the concerns expressed therein should be pursued. The defendant is encouraged to take up his questions and the issues he seeks to raise with his very capable attorney.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge