UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-169 |
| | ) | (PHILLIPS/GUYTON) |
| RICHARD EUGENE DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on March 26, 2009, for a hearing on the defendant's *pro se* motion [Doc. 28] and defense counsel's Motion to Withdraw as Attorney of Record [Doc. 48], filed on March 3 and March 25, 2009, respectively. Assistant Untied States Attorney Cynthia Davidson appeared on behalf of the government. Attorney Russell T. Greene, the defendant's appointed attorney, appeared with the defendant, who was also present.

In his *pro se* motion, the defendant asks that the Court relieve his appointed attorney and allow him to proceed *pro se*. In a letter to the Court that is attached to the motion, the defendant states his disagreement with the way in which his appointed attorneys have handled his case and expresses his belief that his attorney is not concerned with his rights. In the Motion to Withdraw, Attorney Greene asks to withdraw because the defendant has filed numerous *pro se* motions without consulting him and also sent him a demeaning and threatening letter demanding his immediate withdrawal. At the hearing, both the defendant and Mr. Greene had nothing more to add to their

1

motions. The government took no position on the issue of the defendant's representation.

Based upon the defendant's and Mr. Greene's motions, the Court finds that the trust necessary for an adequate defense no longer exists in the attorney-client relationship, that communications between the defendant and counsel have broken down, and that the situation is unlikely to improve. Accordingly, the Court finds that good cause exists to grant both the defendant's *pro se* motion [**Doc. 28**] and the Motion to Withdraw [**Doc. 48**], the same are **GRANTED**, and Mr. Greene is relieved as counsel for the defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). After relieving Mr. Green, the Court asked the defendant if he would like for the Court to appoint another attorney for him. The defendant declined the appointment of another attorney, stating that he wanted to represent himself.

The Supreme Court has held that a criminal defendant may proceed *pro se* if his or her decision to do so is voluntary and intelligent. Faretta v. California, 422 U.S. 806, 835 (1975) (citing Johnson v. Zerbst, 304 U.S. 458, 464-65 (1938)). In the present case, the Court reviewed with the defendant, who had been sworn, a list of questions designed to explain the obligations and difficulties of *pro se* representation, as approved by the Sixth Circuit in United States v. McDowell, 814 F.2d 245, 251-52 (6th Cir. 1987). The Court also strongly advised the defendant that it would be in his best interest to be represented by an attorney, rather than representing himself. Based upon the defendant's answers to the McDowell questions, the Court found that the defendant knowingly and voluntarily waived his right to counsel and should be permitted to represent himself.

The Court next considered the appointment of standby or elbow counsel for the defendant. The appointment of standby counsel, even over a *pro se* defendant's objection, does not

2

violate the defendant's right to represent him or herself.  McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); Faretta, 422 U.S. at 834 n.36 (noting that the "State may–even over objection by the accused–appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary").  Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on that role:  "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. . . . .  Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself."  Wiggins, 465 U.S. at 178.  The Court also observed that the defendant's right to represent himself is

> not infringed when standby counsel assists the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete.  Nor are they infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure.

Id. at 183.  The Court noted that the appointment of standby counsel can "relieve the [trial] judge of the need to explain and enforce basic rules of courtroom protocol."  Id. at 184.

With these principles in mind, the Court appointed Attorney Karmen Waters to participate as standby counsel for the defendant pursuant to the Civil Justice Act.  To the extent possible, Ms. Waters shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure, and decorum.  She should help the defendant in overcoming routine procedural or evidentiary obstacles to completing a specific task, like the introduction of evidence or the objection to testimony, that the defendant himself has clearly indicated that he wants

3

to complete. Ms. Waters may also, upon the defendant's request, aid him by means of technical assistance in the presentation of his defense and the preservation of the record for appeal. Finally, the trial court may ask Ms. Waters to represent the defendant should he decide that he no longer wants to represent himself or if the termination of self-representation becomes necessary, such as if the defendant must be removed from the courtroom for disruptive behavior.

Finally, the Court addressed some scheduling matters. The defendant has filed twenty *pro se* motions in addition to his motion to relieve counsel. The defendant also sought to file another motion, which he had brought with him to the hearing. The government has until **April 9, 2009**, to respond to these motions. The defendant also has until **April 9, 2009**, to file any other pretrial motions that he would like to file. The government has until **April 23, 2009**, to respond to any motions that the defendant files between March 27 and April 9, 2009. Once the Court receives and reviews all the motions, it will determine whether there is a need to set a motion hearing. The parties are to appear before the Court on **May 27, 2009, at 11:00 a.m.**, for a pretrial conference.

Accordingly, it is ordered that:

(1) The defendant's *pro se* motion [**Doc. 28**] to relieve counsel is **GRANTED**;

(2) Defense counsel's Motion to Withdraw as Attorney of Record [**Doc. 48**] is also **GRANTED**, and Attorney Russell T. Greene is permitted to withdraw as the defendant's counsel of record;

(3) The defendant is permitted to represent himself;

(4) Attorney Karmen Waters is appointed as the defendant's standby or elbow counsel under the Civil Justice Act, pursuant to the limitations on that role stated herein;

(5) The government and the defendant both have until **April 9, 2009**, to file any pretrial motions and to respond to any motions filed prior to March 27, 2009;

4

(6) The parties have until **April 23, 2009,** to respond to any motions filed after March 26, 2009; and

(7) The parties are to appear before the undersigned for a pretrial conference on **May 27, 2009, at 11:00 a.m.**

**IT IS SO ORDERED.**

                                    ENTER:

                                        s/ H. Bruce Guyton
                                United States Magistrate Judge