UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-169 |
| | ) | (PHILLIPS/GUYTON) |
| RICHARD EUGENE DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's *pro se* Motion [Doc. 29] to review conditions of release and Emergency Motion for release pending trial [Doc. 53], filed on March 3 and March 31, 2009, respectively. The defendant, who is representing himself, requests that the Court automatically review his conditions of release pursuant to 18 U.S.C. § 3164. In his Emergency Motion, he explains that he has been detained in the Blount County Detention Center since November 12, 2008, and that his access to legal information is restricted there. He requests release pending his trial, which is presently scheduled for June 2, 2009. Also, docketed as a part of his Emergency Motion, is the defendant's request to amend the spelling of a case name in his prior motions.

The defendant had an initial appearance on a criminal complaint on November 12, 2008. At that time, the Court entered an order of temporary detention [Doc. 5] and set a detention hearing for November 18, 2008. The defendant appeared on November 18 for an initial appearance

1

and arraignment on an indictment and for his detention hearing. At that time, the defendant waived his detention hearing, and the Court found [Doc. 10] that

> [u]pon consideration of the defendant's waiver, the charge against him, and the report of the Pretrial Services Office, the Court finds that, at this time, no conditions of release will reasonably assure the appearance of the defendant in court and the safety of the community. Should information having a material bearing on the issue of release subsequently become available, indicating a change in the defendant's circumstances, the defendant, through counsel, may file a motion requesting a bond hearing.

The defendant is now seeking release pending trial. The government responds [Doc. 55] that the defendant has failed to show a change in his circumstances that would entitle him to a bond hearing.

The Bail Reform Act required the Court to hold a detention hearing in this case because the defendant is charged with violations of the Controlled Substances Act for which the maximum term of imprisonment is ten years or more. See 18 U.S.C. § 3142(f)(1)(C). On the day of the detention hearing, the defendant chose to waive his right to a hearing, reserving the right to move for a detention hearing if information indicating a change in circumstances having a material bearing on the issue of his release became available. The defendant apparently contends that his decision to represent himself constitutes such a change in circumstances. The Court disagrees. The fact that the defendant is now representing himself has no bearing upon whether there are any conditions of release that can assure his appearance at trial and/or the safety of another person or the community. In other words, even though the defendant's self-representation is a change in his personal circumstances, it is not a change that has any bearing upon this issue of his release.

The defendant argues that he should be released, or at least entitled to automatic review of his detention issues, under 18 U.S.C. § 3164. Section 3164 provides that the "trial . . . of

2

cases involving . . . a detained person who is being held in detention solely because he is awaiting trial . . . shall be accorded priority." 18 U.S.C. § 3164(a)(1). As such, the detainee's trial "shall commence not later than ninety days following the beginning of such continuous detention[.]" 18 U.S.C. § 3164(b). The court must undertake an "automatic review" of the defendant's detention if the trial has not begun within the ninety-day period and the defendant is not at fault. 18 U.S.C. § 3164(c). "No detainee . . . shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial." 18 U.S.C. § 3164(c).

The defendant argues that because more than 135 days had elapsed from his arrest on November 12, 2008, until the filing of his Emergency Motion on March 30, 3009, he is entitled to automatic review and release. The defendant's assertion that he has been detained for greater than ninety days is incorrect under the Speedy Trial Act. See 18 U.S.C. § 3164(b). Section 3164 expressly provides that the "periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section." 18 U.S.C. § 3164(b). Examples of such excluded periods of delay that apply in this case are any day that the defendant appeared in court ("proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1)); the time in which pretrial motions were pending (18 U.S.C. § 3161(h)(1)(D)); and time, not to exceed thirty days, during which a motion or proceeding was under advisement by the Court (18 U.S.C. § 3161(h)(1)(H)). Moreover, in this case, the defendant sought and was granted [Doc. 26] an ends of justice continuance. See 18 U.S.C. § 3161(h)(7)(A)-(B). In this case, the Court found that the time between the January 12, 2009 hearing on prior defense counsel's oral motion to continue and the new trial date of June 2, 2009, was fully excludable as provided by the Speedy Trial Act. This block of excludable time alone represented 78 days at the time the defendant filed his motion.

3

Accordingly, the Court finds that the defendant has not been detained for a period in excess of ninety days and is not entitled to automatic review under section 3164.

Finally, docketed as a part of his Emergency Motion is the defendant's request to amend the spelling of "Thompkins" to "Tompkins" in all citations to <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64 (1938), contained in his filings before March 27, 2009. This request is **GRANTED**, and the case name will be considered so amended.

Accordingly, the Court finds that the defendant is not entitled to a detention hearing at this juncture. His Motion [**Doc. 29**] to review his conditions of release is **DENIED**. His Emergency Motion [**Doc. 53**] for release is **DENIED in part** to the extent that it requests an automatic review of his detention and release therefrom. His Emergency Motion [**Doc. 53**] is **GRANTED in part** to the extent that it asks to amend the spelling of "Thompkins" to "Tompkins" in all citations to <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64 (1938), contained in his filings before March 27, 2009.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge