UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-169 |
| | ) | (PHILLIPS/GUYTON) |
| RICHARD EUGENE DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's *pro se* motion requesting an extension of his April 9 motion-filing deadline [Doc. 70] and his request to relieve standby counsel [Doc. 77], filed on April 13 and April 22, 2009, respectively. The defendant, who is representing himself with the aid of standby counsel, requests that his April 9, 2009 motion-filing deadline be extended on the grounds that he has not had access to legal information. The defendant requests that standby counsel be relieved because he does not trust her and believes her to be a "spy for the government."

The Court notes that the defendant was permitted to represent himself on March 26, 2009, after being represented by two court-appointed attorneys. Despite the fact that the defendant already had twenty-two[1] pending *pro se* motions, the Court granted the defendant another two weeks

---

[1] This number includes a motion [Doc. 50] that the defendant asked to file on the day of the hearing.

1

in which he could file any additional motions. The defendant filed an additional motion [Doc. 53] during this time. On April 9, standby counsel filed a motion [Doc. 54], requesting an extension of the motion-filing deadline on the defendant's behalf. The Court denied [Doc. 56] this motion, finding that the circumstances did not warrant yet another extension of the motion-filing deadline and directing the defendant to move for leave to file specific motions, which are *different* from those motions that he has already filed, if his continued investigation reveals that the motion or motions are necessary. Despite this ruling, the defendant has now filed sixteen [Docs. 57, 58, 59, 60, 62, 63, 64, 67, 68, 69, 71, 72, 73, 75, 76, and 77 ] additional *pro se* motions out of time without requesting leave to file.

The Court finds that the defendant's stated reason for requesting an extension, his lack of access to legal information due to the fact that he is incarcerated, does not constitute a basis for granting relief from the motion-filing deadline. The Sixth Circuit has held that a defendant who knowingly and voluntarily chooses to represent himself is not entitled to access to a law library. United States v. Kincaide, 145 F.3d 771, 778 (6th Cir. 1998), cert. denied, 825 U.S. 1166 (1999). The offer to appoint counsel for a defendant satisfies the defendant's Sixth Amendment right to counsel. United States v. Sammons, 918 F.2d 592, 602 (6th Cir. 1990). "[B]y knowingly and intelligently waiving his right to counsel, the [defendant] also relinquished his access to a law library." United States v. Smith, 907 F.2d 42, 45 (6th Cir.), cert. denied, 498 U.S. 986 (1990). Thus, in the present case, the defendant relinquished his access to a law library[2] by requesting that his second appointed attorney be removed.

---

[2]The Court notes that despite the defendant's contention, it appears from his filings in this case, which include citations to statutes and case law, that the defendant presently has some access to legal materials.

Having already ruled upon the defendant's request for an extension of his motion-filing deadline made through standby counsel, the Court finds that his second request for an extension [**Doc. 70**] is also **DENIED** for the same reasons and with the same instructions regarding moving for leave to file any additional motions. In any motion for leave to file, the defendant must make a showing of good cause as to why this motion is necessary and was not filed earlier and he must attach a copy of the motion he seeks to file. See Fed. R. Crim. P. 12(e) (providing that the Court may grant relief from the waiver of a motion for good cause). The defendant is **DIRECTED** to refrain from filing duplicates of motions that are already pending with the Court. The defendant's motions that were filed with the Court after April 9 motion-filing deadline and without asking for leave to file [**Docs. 57, 58, 59, 60, 62, 63, 64, 67, 68, 69, 71, 72, 73, 75, and 76**] are **DENIED** as untimely. The Court will address the defendant's *pro se* motion [Doc. 77] to relieve standby counsel.

Finally, the Court addresses the defendant's motion to relieve standby counsel because he does not trust her and believes her to be a government spy. The defendant's motion fails to state any basis for this belief and , instead, suggests that standby counsel has been assisting the defendant by informing him of plea offers from the government. The appointment of standby counsel, even over a *pro se* defendant's objection, does not violate the defendant's right to represent him or herself. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); Faretta v. California, 422 U.S. 806, 834 n.36 (1975) (noting that the "State may–even over objection by the accused–appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary"). The defendant's motion [**Doc. 77**] to relieve standby counsel is **DENIED**. The

3

defendant can choose not to avail himself of Ms. Waters' help.

Accordingly, the Court **ORDERS** that:

(1) The defendant's *pro se* motion [**Doc. 70**] to extend his April 9 motion-filing deadline is **DENIED**;

(2) The defendant's *pro se* motions [**Docs. 57, 58, 59, 60, 62, 63, 64, 67, 68, 69, 71, 72, 73, 75, and 76**] that were filed out of time are **DENIED**; and

(3) The defendant's *pro se* motion [**Doc. 77**] for the Court to relieve standby counsel is also **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge