UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-169 |
| | ) | (PHILLIPS/GUYTON) |
| RICHARD EUGENE DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's *pro se* motions [Docs. 27, 32, 47, and 50] to dismiss the charges, filed on March 3, 2009; March 17, 2009; and March 26, 2009. The government filed a response [Doc. 55] on April 9, 2009. The defendant filed eight additional motions calling for the dismissal of the charges [Docs. 57, 58, 60, 63, 67, 68, 69, and 72] on April 10 through 13, 2009. The Court denied [Doc. 86] these motions as untimely on May 12, 2009. The defendant also filed a Motion for Leave [Doc. 81] to file a Dismissal Motion on May 5, 2009. The enclosed Dismissal Motion appears to summarize and supplement many of the issues raised in the earlier motions to dismiss as well as the motions that have been denied. The Court will consider whether to grant leave to file this additional motion at the May 27, 2009 suppression hearing.

1

## I. POSITIONS OF THE PARTIES

The defendant stands charged in a nine-count Superseding Indictment [Doc. 22] as follows: Count 1–distribution of crack cocaine on March 21, 2008; Count 2–distribution of five grams or more of crack cocaine on March 27, 2008; Count 3–distribution of crack cocaine on April 2, 2008; Count 4–distribution of crack cocaine on April 8, 2008; Count 5–distribution of crack cocaine on April 11, 2008; Count 6–distribution of crack cocaine on November 3, 2008; Count 7–possession of a firearm in furtherance of a drug trafficking crime on November 3, 2008; Count 8–distribution of cocaine on November 12, 2008; and Count 9–possession of a firearm in furtherance of a drug trafficking crime on November 12, 2008. All nine counts are alleged to have occurred in the Eastern District of Tennessee.

The defendant argues that these charges must be dismissed because (1) the Court lacks jurisdiction over his case; (2) he was arrested without probable cause or an arrest warrant; (3) the government does not have the "proper evidence" given the nature of the charges against him, and (4) his right to a speedy trial has been violated. The government responds [Doc. 55] that the defendant is charged with violations of the United States Code that occurred in the Eastern District of Tennessee and, thus, the Court has jurisdiction in this case. It also argues that the grand jury has determined that there is probable cause to believe that the defendant committed the offenses charged in the indictment and that the defendant cannot challenge that determination before trial.

## II. ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const.

2

Amend. V. The defendant raises numerous challenges to his indictment. The Court will endeavor to address each of the defendant's contentions in turn.

### A. Jurisdiction

The defendant contends that this Court lacks jurisdiction to adjudicate his case because this is a proceeding in bankruptcy. He maintains that is being prosecuted by laws promulgated by the American Bar Association (ABA) and under the Uniform Commercial Code (UCC). He asserts that because he is a "Royal Autonomous tax paying citizen," the only authority over him is the Holy Bible, the United States Constitution, the acts of Congress, and the laws of the State.

Article III, section 1 provides in pertinent part that the "judicial power of the United States shall be vested in one Supreme Court, and in such inferior courts as the congress may from time to time ordain and establish." Section 2 explains that the "judicial power shall extend to all cases, in law and equity, arising under this constitution, [and] the laws of the United States[.]" U.S. Const. Art. III, § 2, cl.1. By statute, Congress has declared that the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Moreover, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

In the present case, the defendant is charged [Doc. 22] with violating 21U.S.C. § 841(a)(1), 841(b)(1)(B) and (C), relating to the distribution of illegal drugs, and 18 U.S.C. §

3

924(c)(1), which prohibits possession of a firearm in furtherance of a drug trafficking crime. He is alleged to have engaged in these crimes in the Eastern District of Tennessee. Thus, the District Court has jurisdiction over the subject matter of the case because violations of federal law are alleged to have occurred in the Eastern District of Tennessee. See 18 U.S.C. § 3231. The Court recommends that the defendant's motions to dismiss the indictment for lack of jurisdiction [Docs. 47 and 50] be denied.

### B. Propriety of Arrest

The defendant also calls for the dismissal of the indictment because he contends that he was arrested without probable cause or an arrest warrant. Citing to Giordenello v. U.S., 357 U.S. 480 (1958), the defendant appears to be arguing that the affidavit supporting the criminal complaint that formed the basis for his arrest fails to provide probable cause. In this regard, he asserts that the affiant's statement that he made "controlled and recorded buys" of drugs from the defendant was false because he has not been provided with this "audio footage."

On November 10, 2008, this Court issued a warrant [Doc. 2] for the defendant's arrest pursuant to a criminal complaint [Doc. 1]. The defendant was arrested on November 12, 2009 [see Doc. 13]. Arrest warrants, just like search warrants, may only issue "'upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized[.]'" Giordenello, 357 U.S. at 485-46 (quoting Fourth Amendment). Rules 3, 4, and 5 of the Federal Rules of Criminal Procedure serve to implement this requirement by providing that "an arrest warrant shall be issued only upon a written and sworn complaint (1) setting forth 'the essential facts constituting the offense charged,' and (2) showing 'that there is probable cause to believe that

4

(such) an offense has been committed and that the defendant has committed it[.]'" Id. at 485.

In the present case, the undersigned issued a criminal complaint [Doc. 1] on November 10, 2008, which states that the defendant distributed crack cocaine and possessed a firearm in furtherance of a drug trafficking crime. The complaint expressly incorporates the affidavit of ATF Agent Jackie D. Herndon, which states that confidential informants made controlled and recorded purchases of crack cocaine from the defendant on March 21, 2008; March 27, 2008, April 2, 2008; April 8, 2008; April 11, 2008; and November 3, 2008. One of the informants stated that during the November 3, 2008 drug transaction, the defendant had a assault-type rifle lying on the coffee table in the living room. The informant also reported that the defendant always kept a firearm near him when dealing drugs. The Court finds that the affidavit provides probable cause to believe the defendant had committed drug and firearms offenses.

The defendant's bare allegation that the statements in the affidavit relating to recorded controlled purchases of drugs are false because he has not been provided with the audio recordings from the controlled buys is insufficient to raise the issue. In Franks v. Delaware, 438 U.S. 154, 155, 164 (1978), the Supreme Court examined whether a defendant ever has the right, pursuant to the Fourth and Fourteenth Amendments, to contest the truthfulness of sworn statements of fact in an affidavit.[1] Sworn affidavits are, in the first instance, presumed to be valid. Id. at 171. Nevertheless, a defendant may attack the veracity of factual statements in the affidavit under certain limited circumstances:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the

---

[1]The Court notes that Franks specifically dealt with search warrant affidavits.

5

> truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

Id. at 155-56; see also United States v. Bennett, 905 F.2d 931, 934 (6th Cir. 1990). If the defendant makes this showing and is granted what has come to be known as a "Franks hearing," he or she must show by a preponderance of the evidence that the affiant intentionally or recklessly included false statements, which are necessary to the probable cause finding, in the affidavit. Franks, 438 U.S. at 156; Bennett, 905 F.2d at 934. If the defendant successfully makes this showing, the evidence gained as a result of the search must be suppressed. Franks, 438 U.S. at 156; Bennett, 905 F.2d at 934.

In the present case, the Court finds that the defendant has failed to show that he is entitled to a Franks hearing. To prove the need for a Franks hearing, the defendant "must point to specific false statements that he claims were made intentionally or with reckless disregard for the truth" and "must accompany his allegations with an offer of proof," including the provision of supporting affidavits. Id. The Supreme Court has described the showing as "more than conclusory." Franks, 438 U.S. at 171. "Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." Id.

Here, the defendant says Agent Herndon's statement that he conducted controlled and recorded drug purchases is false because the defendant has not received the recordings. The government states [Doc. 55] that it has turned over all discovery to the defendant. Moreover, standby counsel requested [Doc. 54] an extension of the April 9, 2009 motion-filing deadline for the defendant because she needed more time to review six CD's of audio and photographic evidence

6

with the defendant. Accordingly, the Court concludes that the defendant has now had the opportunity to review the recorded drug purchases. Thus, the defendant has not proven that he is entitled to a Franks hearing, and the Court credits the statements in the affidavit as providing probable cause for the issuance of the criminal complaint and for the defendant's arrest. The Court recommends that the defendant's motions to dismiss the indictment [Docs. 27 and 50] due to the alleged illegality of his arrest be denied.

### C. Supporting Evidence

The defendant also argues [Doc. 32] that the indictment should be dismissed because the government does not have the "proper evidence for the nature of charges pending against" him. He contends that any proof other than the recordings of the controlled drug purchases mentioned in the affidavit to the criminal complaint would violate the Fifth Amendment. The government responds [Doc. 55] that the defendant cannot challenge the grand jury's finding of probable cause to believe he committed the offenses before trial.

The Fifth Amendment guarantees that "(n)o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." The United States Supreme Court has held that the Fifth Amendment guarantees an indictment for an infamous crime by a grand jury in federal prosecutions. Stirone v. United States, 361 U.S. 212, 215 (1960); see also Branzburg v. Hayes, 408 U.S. 665, 687 (observing that "[g]rand jury proceedings are constitutionally mandated for the institution of federal criminal prosecutions for capital or other serious crimes"). In the present case, the grand jury returned an Indictment [Doc. 6] against the defendant on November 18, 2008, six days after his November 12 arrest [See Doc. 13]. The grand

7

jury returned a Superseding Indictment [Doc. 22] on December 16, 2008. Accordingly, the Court finds that the defendant has received his Fifth Amendment right to a grand jury finding of probable cause in this case.

"In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). A defendant may challenge a defect in the indictment, such as its failure to state an offense, before trial. Fed. R. Crim. P. 12(b)(2). Claims that the allegations in the indictment are false or untrue, however, are not matters for the court to determine pretrial. Universal Milk Bottle Service v. United States, 188 F.2d 959, 962 (6th Cir. 1951). Such claims in a criminal case are matters reserved for the jury unless they are waived. Id.; see Fed. R. Crim. P. 12(b)(1) (only defenses or objections that can be determined "without a trial of the general issue" can be raised pretrial). Moreover, the evidence that the prosecution will present to prove the charges in the indictment is up to the prosecution, so long as the evidence is relevant and admissible. The defendant's contention that the prosecution may only prove its case with the audio recordings of the controlled drug purchases is without merit. The Court recommends that the defendant's motion to dismiss the indictment [Doc. 32] on this basis be denied.

### D. Speedy Trial

Finally, the Court takes the defendant to be arguing [Doc. 50] that the indictment must be dismissed because his trial has not commenced within seventy days of his indictment or

8

initial appearance. The Speedy Trial Act requires that the defendant be brought to trial within seventy days of the later of the filing of the indictment or the defendant's initial appearance before a judicial officer:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1); Henderson v. United States, 476 U.S. 321, 322 (1986); United States v. Culpepper, 898 F.2d 65, 66 (6th Cir. 1990). The Sixth Circuit has determined that the plain language of this section requires the entry of a plea of not guilty to trigger the running of the seventy-day period. United States v. O'Dell, 154 F.3d 358, 360 (6th Cir. 1998), cert. denied, 526 U.S. 1029 (1999). Certain periods of delay, such as the days on which the court conducts "proceedings concerning the defendant," are excluded from the speedy trial calculation. 18 U.S.C. § 3161(h)(1). Delay resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion" is also excludable time. 18 U.S.C. § 3161(h)(1)(D). Additionally, courts may grant a continuance of the trial date when the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Factors that the court shall consider when making an ends of justice finding include whether the failure to grant a continuance would result in a miscarriage of justice, would deny the parties continuity of counsel, or would deny counsel the reasonable time for necessary and effective preparation. 18 U.S.C. § 3161(h)(7)(B)(i) and -(iv).

In the present case, the defendant appeared [Doc. 3] on a criminal complaint on

November 12, 2008. An indictment [Doc. 6] issued on November 18, 2008, and the defendant was arraigned [Doc. 7] on that same day, entering a plea of not guilty. Also on that day, the Assistant Federal Defender Jonathan A. Moffatt was appointed [Doc. 8] to represent the defendant, and the defendant's trial was scheduled [Doc. 11] for January 26, 2009. On December 3, 2008, the defendant filed a Motion to Substitute Counsel [Doc. 15]. Fourteen days[2] elapsed from the arraignment and the defendant's filing of the motion. The filing of the motion stopped the speedy trial clock. 18 U.S.C. § 3161(h)(1)(D) (excluding delay from the filing of the motion through the hearing or other prompt disposition). The Court held a hearing [Doc. 16] on the Motion to Substitute Counsel on December 11, 2008, relieved Attorney Moffatt due to a conflict with the representation, and appointed Attorney Russell T. Greene to represent the defendant [see Doc. 17]. The speedy trial clock, thus, resumed on December 12, 2008.[3]

On December 17, 2008, the defendant through new defense counsel filed a Motion to Extend Motion Filing Deadline [Doc. 20], thereby stopping the speedy trial clock. 18 U.S.C. § 3161(h)(1)(D) (excluding delay from the filing of the motion through the hearing or other prompt disposition). Five days elapsed between December 12 and December 17, for a total of nineteen days off the speedy trial clock. The Court granted [Doc. 21] the motion on the following day, December 18, 2008, restarting the clock. The defendant filed a *pro se* motion [Doc. 23] on December 22, 2008,

---

[2]The Court notes that the day of the arraignment does not count toward the seventy days as it was a day on which there was a "proceeding concerning the defendant." 18 U.S.C. § 3161(h)(1).

[3]The hearing date of December 11, 2008, is not counted because it was a day on which there was a "proceeding concerning the defendant." 18 U.S.C. § 3161(h)(1). Also, on December 9, 2008, the defendant filed a *pro se* letter [Doc. 18] calling the Court's attention to perceived problems with the execution of a search warrant at his residence. The Court addressed this letter in a December 16, 2008 Order, but the letter was not docketed as a motion. Thus, the Court does not deem it to affect the speedy trial calculations.

10

stopping the clock once more after the passing of four additional non-excludable days. 18 U.S.C. § 3161(h)(1)(D). The Court ruled [Doc. 24] upon the motion that same day, and the speedy trial clock resumed on December 23, 2008. On January 12, 2009, the Court held a hearing [Doc. 25] to arraign the defendant on the Superseding Indictment. This day is excluded from the speedy trial calculation as a day on which there was a "proceeding concerning the defendant." 18 U.S.C. § 3161(h)(1). A total of thirty-nine days had elapsed at this point.

At the January 12 hearing, defense counsel made an oral motion to continue the January 26, 2009 trial date. Attorney Green stated that he had discussed the need for a continuance with the defendant. The Court granted [Doc. 26] an ends of justice continuance of the trial to June 2, 2009, finding that additional time was necessary due to Attorney Green's recent entry into the case, the extension of the motion-filing deadline, and the need for additional time to prepare for trial. At that time, the Court found that all of the time between the January 12 hearing and the new trial date of June 2, 2009, was fully excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A)-(B).[4] Thus, as of the filing of this report, only thirty-nine days have elapsed from the speedy trial clock. The remainder of the time has been excludable under the Speedy Trial Act.[5] Accordingly, no speedy trial violation has occurred, and the Court recommends that the defendant's motion to dismiss [Doc. 50] for this reason be denied.

---

[4]The Court observes that the numbering of the subsections of 18 U.S.C. § 3161(h) has changed. This explains the discrepancy in the citations between this report and the Court's Order [Doc. 26] continuing the trial.

[5]The Court would note that in the months following the January 12 hearing, the defendant elected to represent himself [Doc. 52] and has filed numerous motions. The Court is scheduled to hear two of the defendant's pending motions to suppress at the pretrial conference on May 27, 2009.

11

### III. CONCLUSION

After carefully considering the parties' arguments and the relevant legal authorities, the Court finds no basis to dismiss the charges in this case. For the reasons set forth herein, it is **RECOMMENDED** that defendant's motions to dismiss [**Docs. 27, 32, 47,** and **50**] be **DENIED**.[6]

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[6]Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).