UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:08-CR-169 (PHILLIPS/SHIRLEY) |
| RICHARD EUGENE DAVIDSON, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court for a motion hearing on the defendant's *pro se* motions to suppress evidence [Docs. 45 and 46] and his motion for leave [Doc. 81] to late-file a motion to dismiss. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the government. The defendant represented himself, with Attorney Karmen L. Waters appearing as standby counsel.

At the hearing, the defendant stated that he no longer wanted to pursue the two suppression motions scheduled to be heard but, instead, wanted to raise the issue of suppressing all evidence gained in a recorded telephone conversation between a confidential informant and himself and from the audio recordings of confidential informants during monitored, controlled purchases of drugs, because the government unlawfully disclosed this information without a court order. Although he had filed a Petition to Compel the Government to Provide the Application and Court

1

Order Authorizing the Interception of Oral and Electronic Communication [Doc. 97] well after the April 9, 2009 motion deadline, he argued that the statute permitted him to raise this issue at any time, including during the trial. He also argued that he had not filed this motion or his other pending, belated motions before the deadline because he did not have access to legal materials. The government requested time to respond to the disclosure issue before presenting argument on it. The defendant acknowledged that if the Court allowed his untimely motions [Docs. 81, 91, 93, 97, and 98], then his June 2, 2009 trial would have to be continued. He stated that he understood he would remain in custody pending the new trial date.

Although it was not set for hearing, the defendant also wanted to argue his Motion [Doc. 33] to suppress a nine millimeter pistol as the fruit of an illegal search and seizure under Rule 41(e), Federal Rules of Criminal Procedure. At the hearing, the defendant argued that the pistol was taken from his uncle's house without a search warrant or probable cause. The government argued that the defendant did not have standing to challenge the seizure of the pistol, which was obtained through consent. It also stated that it did not intend to use the pistol as evidence in this case. The defendant stated that he was satisfied by that representation. Because the defendant is satisfied with the government's representation that it does not intend to use the pistol in question, the defendant's suppression motion [**Doc. 33**] is **DENIED as moot**.

The defendant stated that he no longer wanted to pursue three of his four pending suppression motions [Docs. 37, 45, and 46]. He also did not want to pursue his Petition to Compel the Court to Provide a Remedy or Enter Judgement [Doc. 88], filed on May 14, 2009. Because the defendant no longer seeks to pursue these motions **[Docs. 37, 45, 46,** and **88**], they are **DENIED as moot**. The defendant explained that four other documents–a Petition for Writ of Mandamus [Doc.

2

87], a Petition for a Writ of Prohibition and Mandamus [Doc. 89], a Petition for a Writ of Mandamus [Doc. 90], and a Motion [Doc. 92]–were copies of matters filed in the Supreme Court and did not require rulings from this Court. To the extent that these documents [**Docs. 87, 89, 90,** and **92**] have been docketed as motions, they are also **DENIED as moot**.

Finally, the defendant requested a detention hearing, after having initially waived [Doc. 9] his right to a hearing, reserving the opportunity to have one at a later time. The Court granted the defendant's request for a detention hearing. The parties agreed to have the detention hearing at the July 7, 2009 motion hearing, in order to give the defendant time to prepare.

The Court finds that a continuance of the June 2, 2009 trial date is necessary in this case. The ends of justice served by granting a continuance outweigh the interests of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court notes that the defendant filed four timely suppression motions, four timely motions to dismiss the indictment, and twelve timely non-dispositive motions. See 18 U.S.C. § 3161(h)(1)(D). Although the Court has denied those suppression motions as moot, it has filed a Report and Recommendation [Doc. 94] on the motions to dismiss. The defendant wants to file another suppression motion relating to the disclosure of oral and electronic communications along with four other motions to dismiss the charges. See 18 U.S.C. § 3161(h)(1)(D). Typically, motions not raised before the motion-filing deadline are deemed waived. Fed. R. Crim. P. 12(e). In this case, the Court finds that the defendant should be allowed to pursue five [Docs. 81, 91, 93, 97, and 98] of his late-filed motions in the interest of justice. Because the Court has now accepted these motions, the government will need time to file its responses to them. The Court will need time to hold a hearing on the motions and time, not to exceed thirty days, to prepare a report and recommendation on them. See 18 U.S.C. §

3

3161(h)(1)(H). Following the filing of this report and recommendation, as with the presently pending Report and Recommendation [Doc 94], the parties need time to file any objections, and the District Court will need time to rule upon the reports and those objections. Finally, the parties will need time to prepare for trial in light of the rulings on these issues. The Court finds that all of this could not take place before the June 2, 2009 trial date or in less than five months. The failure to grant a continuance would deprive the parties of time to secure rulings on the pending motions and to prepare for trial in light of those rulings. Thus, without a continuance, the parties would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the June 2, 2009 trial date is **CONTINUED** to **November 9, 2009**. The Court also finds that all the time between the filing of the motion for leave to late-file [Doc. 81] on **May 5, 2009**, and the new trial date of **November 9, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(H), & (h)(7)(A)-(B). With regard to additional scheduling, the government's responses to the defendant's pending motions are due on or before **June 12, 2009**. The defendant may file a reply to the government's responses by **June 22, 2009**. The Court set an motion hearing on the pending motions for **July 7, 2009, at 9:30 a.m.** The Court will also take up the matter of the defendant's continued detention at this time.

Accordingly, it is **ORDERED**:

(1) The June 2, 2009 trial date is **CONTINUED**;

4

(2) The trial of this matter is reset to commence on **November 9, 2009**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the **May 5, 2009** filing of the motion for leave to late-file [Doc. 81] and the new trial date of **November 9, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Court permits the defendant to late-file five untimely motions [**Docs. 81, 91, 93, 97, and 98**]. The Court will hold a hearing on these motions on **July 7, 2009, at 9:30 a.m.**;

(5) The government is to file responses to the defendant's motions [Docs. 81, 91, 93, 97, and 98] on or before **June 12, 2009**;

(6) The defendant may file a reply to the government's responses by **June 22, 2009**;

(7) The defendant's suppression motion [**Doc. 33**] is **DENIED as moot**, because the defendant is satisfied with the government's representation that it does not intend to use the pistol as evidence in this case;

(8) The defendant's motions **[Docs. 37, 45, 46, and 88**] are **DENIED as moot** because the defendant has stated on the record that he no longer wants to pursue them;

(9) The defendant acknowledged that four documents [**Docs. 87, 89, 90,** and **92**] were not motions pending before the Court. To the extent that these documents have been docketed as motions, they are also **DENIED as moot**; and

5

(10) The defendant's oral motion for a detention hearing is **GRANTED**. The Court will also hear the matter of the defendant's continued detention at the **July 7, 2009** hearing.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

6

Case 3:08-cr-00169-TAV-DHI   Document 100   Filed 06/02/09   Page 6 of 6   PageID #: 374