UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:08-CR-169 |
| v. ) | (VARLAN/SHIRLEY) |
| ) | |
| RICHARD EUGENE DAVIDSON, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on the following motions filed by the *pro se* defendant: Motion to Review Law Enforcement Reports [Doc. 30], Motion to Review Grand Jury Minutes for Evidence of Prosecutorial Misconduct [Doc. 31], Motion to Suppress TBI Reports [Doc. 34], Motion to Suppress Criminal History [Doc. 35], Motion to Suppress ATF Report [Doc. 36], Motion to Review the Court Order Authorizing the Electronic Surveillance and Supporting Affidavit [Doc. 38], Motion to Suppress Rockwood Arrest Report [Doc. 39], Motion to Review and Inspect Photographs of Evidence [Doc. 40], Motion to Suppress Statements and Testimony of Confidential Sources [Doc. 41], Motion to Suppress the Testimony of Random Witnesses [Doc. 42], Motion to Review and Inspect all Trial Evidence [Doc. 43], and Motion to Review all Confidential Sources and the Files of Confidential Informants. [Doc. 44]

Initially, the Court notes that while several of the instant motions are styled as motions to suppress, they do not address the types of evidence or testimony that falls within the scope of the

exclusionary rule. Rather, the instant motions "to suppress" are more properly styled as motions in limine seeking to exclude the admission of certain types of evidence on relevance or other grounds. With that being said, the Court addresses each of the motions in turn.

I.      **Motion to Review Law Enforcement Reports [Doc. 30]**

The defendant moves the Court to allow the defendant to review the law enforcement reports of investigation in this case. In support of his motion, the defendant generally cites to <u>United States v. Cherry</u>, 876 F. Supp. 547 (S.D.N.Y. 1995). The ruling in <u>Cherry</u>, however, is diametrically opposed to the relief sought by the defendant. The <u>Cherry</u> court held that the defendant could not discover police investigative reports because such reports fall outside the scope of Rule 16. Specifically, the Cherry court held that: "in a federal prosecution based in part upon the investigative efforts of local or state law enforcement agents, Rule 16(a)(2) bars disclosure of reports generated by such agents; and that it makes no difference whether the local or state agents generated their reports as part of an independent investigation or during the course of a joint federal operation." <u>Cherry</u>, 876 F. Supp. at 551. The Court agrees with the <u>Cherry</u> court's analysis. Pursuant to Rule 16(a)(2), the investigative reports sought by the defendant are not discoverable. Fed. R. Crim. P. 16(a)(2). Accordingly, the defendant's motion **[Doc. 30]** is **DENIED**.

II.     **Motion to Review Grand Jury Minutes for Evidence of Prosecutorial Misconduct [Doc. 31]**

The defendant next moves the Court to allow the defendant to review the minutes of the grand jury proceedings in this matter so as to allow the defendant to "ensure that there is no evidence of prosecutorial misconduct." In support of his motion, the defendant cites to the concurring opinion of Justice O'Connor in the case of <u>United States v. Mechanik</u>, 475 U.S. 66, 78 (1986). In her concurrence, Justice O'Connor addresses the safeguards established by Rule 6 of the Federal Rules

2

of Criminal Procedure to protect against improper grand jury proceedings. However, the United States Supreme Court has established strict guidelines as to when a litigant my obtain the transcripts of a grand jury proceeding:

> Parties seeking grand jury transcripts under Rule 6 (e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations.

Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979).

In this case, the defendant has set forth no factual basis of any impropriety during the grand jury proceedings, and thus the defendant has not met the burden required to pierce the secrecy that cloaks grand jury proceedings. Accordingly, the defendant's motion **[Doc. 31]** is hereby **DENIED**.

### III.    Motion to Suppress TBI Reports [Doc. 34]

The defendant next moves the Court to "suppress" various reports prepared by the Tennessee Bureau of Investigation ("TBI"). As grounds, the defendant states that the reports represent a "clear" case of racial profiling and that government has chosen to prosecute the only "black male" listed in the reports.

To the extent that the defendant attempts to assert a claim of prosecutorial misconduct because of selective prosecution, the defendant's bare assertions fall far below the standard necessary for such a claim. "The Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws." United States v. Armstrong, 517 U.S. 456, 464 (1996) (quoting Wayte v. United States, 470 U.S. 598, 607 (1985)). Because prosecutors are statutorily designated as the President's delegates, their decisions are entitled to a "presumption of

3

regularity" unless there exists clear evidence to the contrary.  Id.  On the other hand, prosecutorial decisions are subject to constitutional restraints.  Id.  Hence, "the decision whether to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification,'" in violation of the equal protection component of due process.  Id. (quoting Oyler v. Boles, 368 U.S. 448, 456 (1962)).  In order to establish a selective prosecution claim, the defendant "must demonstrate that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'  To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted."  Id. at 465 (quoting Wayte, 470 U.S. at 608) (citations omitted).  In this case, the defendant offers no facts which would support a finding of selective prosecution, but instead speculates that the government must have been motivated by racism.  Such speculation is insufficient to support a claim of prosecutorial misconduct.

To the extent that the defendant seeks to preclude the introduction of the reports under Rule 403 of the Federal Rules of Evidence, that is an issue that must be left for the determination of the District Court, based upon the evidence as it develops at trial.  Accordingly, the defendant's motion **[Doc. 34]** is **DENIED** at this time.  If, at trial, the defendant believes that the probative value of the reports is outweighed by the risk of unfair prejudice to the defendant, then he may raise the proper objection at trial.

**IV.    Motion to Suppress Criminal History [Doc. 35]**

The defendant next moves the Court to exclude from evidence at trial the defendant's criminal history report.  As grounds, the defendant argues that the report only presents the defendant's arrest history and does not indicate what charges were latter dismissed.  The defendant

4

contends that such evidence would be unfairly prejudicial under Rule 403 of the Federal Rules of Evidence. This, too, is an issue that must be left to the District Court, based upon how the evidence develops at trial. At this point in time, there is no evidence that the government seeks to introduce the exhibit at issue, nor any evidence that it would be offered in such a way as to prejudice the defendant. Accordingly, the defendant's motion **[Doc. 35]** is **DENIED** at this time. If the government seeks to introduce the criminal history report at trial, defendant may renew his objection at that time.

### V. Motion to Suppress ATF Report [Doc. 36]

The defendant next moves the Court to exclude from evidence the ATF Report of Investigation dated May 20, 2008. As grounds, the defendant claims that the report is not relevant, and thus is inadmissible under Rule 402 of the Federal Rules of Evidence. All evidence either party seeks to introduce at trial shall be governed by the Federal Rules of Evidence. However, concepts of relevance and prejudice, which govern the admissibility of evidence, are fact intensive, and cannot be ruled upon in a vacuum. Rather, such issues must be considered in relation to the evidentiary landscape as it develops at trial. If, during the trial, the defendant believes that the government is attempting to introduce evidence that is inadmissible, he may object to such evidence at that time. Accordingly, the defendant's motion **[Doc. 36]** is **DENIED** with leave to make specific objections at trial.

### VI. Motion to Review the Court Order Authorizing the Electronic Surveillance and Supporting Affidavit [Doc. 38]

The defendant next moves the Court to allow the defendant to review the court Order authorizing surveillance and any supporting affidavits. In its response, the government states that there was no court ordered surveillance in this case. To the extent that the defendant seeks the

5

production of some order authorizing the use of an electronic recording device on confidential informants during controlled buys, such activity is not the type of "wiretap" that requires a Court Order. Nor would such an order be required for the "consensually recorded telephone calls" between the defendant and a confidential informant discussed in affidavit offered in support of the Complaint. [Doc. 1-1] Accordingly, the defendant's motion **[Doc. 38]** is hereby **DENIED**.

### VII. Motion to Suppress Rockwood Arrest Report [Doc. 39]

The defendant next moves the Court to exclude from evidence at trial the Rockwood Arrest Report. The defendant contends that the arrest report indicates charges of reckless endangerment and driving on a suspended license, arguing that such charges are unrelated to the offenses charged in this action, rendering the report irrelevant and inadmissible under Rule 402 of the Federal Rules of Evidence. All evidence either party seeks to introduce at trial will be governed by the Federal Rules of Evidence. However, concepts of relevance and prejudice, which govern the admissibility of evidence, are fact intensive, and cannot be ruled upon in a vacuum. Rather, such issues must be considered in relation to the evidentiary landscape as it develops at trial. If, during the trial, the defendant believes that the government is attempting to introduce evidence that is inadmissible, he may object to such evidence at that time. Accordingly, the defendant's motion **[Doc. 39]** is **DENIED** with leave to make specific objections to the admission of testimony or evidence at trial.

### VIII. Motion to Review and Inspect Photographs of Evidence [Doc. 40]

The defendant next moves the Court to compel the government to produce photographs of all of the evidence the government intends to use at trial. Rule 16 of the Federal Rules of Criminal Procedure provides, in pertinent part, that a defendant in a criminal prosecution is entitled, upon request

> to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). Additionally, the Court notes that the Order on Discovery and Scheduling [Doc. 11 at ¶ B] requires the government to comply with the above cited Rule. Accordingly, the defendant's motion **[Doc. 40]** is **GRANTED** to the extent that, if the government has not already done so, it shall produce photographs of the evidence in this matter limited to the categories described in Rule 16(a)(1)(E). To the extent that the government has already produced such items, and to the extent that the defendant seeks materials outside the scope of Rule 16, the defendant's motion **[Doc. 40]** is **DENIED**.

**IX.     Motion to Suppress Statements and Testimony of Confidential Sources [Doc. 41]**

The defendant moves the Court to exclude from evidence at trial the statements and testimony of all confidential informants that "do not meet the mandatory guidelines set by the U.S. Attorney General regarding the use of confidential informants/sources." All evidence either party seeks to introduce at trial will be governed by the Federal Rules of Evidence. If, during the trial, the defendant believes that the government is attempting to introduce evidence that is inadmissible, he may object to such evidence at that time. Accordingly, the defendant's motion **[Doc. 41]** is **DENIED** with leave to make specific objections to the admission of testimony or evidence at trial.

**X.     Motion to Suppress the Testimony of Random Witnesses [Doc. 42]**

The defendant next moves the Court to "suppress the testimonies of random witnesses that do not have any evidence available to support their statements on or about pro se defendant Davidson." All testimony and evidence either party seeks to introduce at trial will be governed by the Federal Rules of Evidence. However, concepts of relevance and prejudice, which govern the admissibility of evidence, are fact intensive, and cannot be ruled upon in a vacuum. Rather, such issues must be considered in relation to the evidentiary landscape as it develops at trial. If, during the trial, the defendant believes that the government is attempting to introduce evidence or testimony that is inadmissible, he may object to such evidence or testimony at that time. Accordingly, the defendant's motion **[Doc. 42]** is **DENIED** with leave to make specific objections to the admission of testimony or evidence at trial.

**XI.    Motion to Review and Inspect all Trial Evidence [Doc. 43]**

The defendant moves the Court to allow the defendant to review and inspect all evidence the government will rely upon at trial. As the Court noted above, the defendant is entitled to review certain items of evidence, Fed. R. Crim. P. 16(a)(1)(E), and the Court's Order on Discovery and Scheduling [Doc. 11 at ¶ B] requires the government to fulfill such obligations under the Rules. Accordingly, the defendant's motion **[Doc. 43]** is **GRANTED** to the extent that, if it has not already done so, the government shall comply with the relevant portion of the Court's Order on Discovery and Scheduling.

**XII. Motion to Review all Confidential Sources and the Files of Confidential Informants. [Doc. 44]**

The defendant moves the Court to require the government to disclose the identities of all confidential informants in this matter and to produce for inspection the files of such confidential informants. In its response, the government states that it will disclose the identities of the confidential informants directly involved in controlled buys from the defendant, but contend that the defendant is not entitled to any further information regarding the confidential informants.

In addressing when the government must disclose the identity of a confidential informant, the Sixth Circuit has held that:

> The government has the privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro v. United States, 353 U.S. 53, 59 (1957). However, to invoke this privilege "the public interest in protecting the flow of information to the government" must outweigh "the defendant's need for disclosure of information in the preparation of a defense." United States v. Straughter, 950 F.2d 1223, 1232 (6th Cir. 1991).
>
> [The defendant] must "show how disclosure of the informant would substantively assist his defense" or "that disclosure is essential to a fair trial." Moore, 954 F.2d at 381. Where the defendant's claims are based on "mere conjecture or supposition about the possible relevancy of the informant's testimony," such claims are insufficient to warrant disclosure. United States v. Sharp, 778 F.2d 1182, 1187 (6th Cir. 1985) (citation omitted). We usually deny disclosure when the informer was not a participant, and instead "was a mere tipster or introducer." Id. at 1186 n.2.

United States v. Sales, 247 Fed. App'x. 730, 735 (6th Cir. 2007).

In this case, the government has agreed to disclose the identities of the informants who were directly involved in controlled buys with the defendant. As for any other confidential informants, the defendant has made no showing whatsoever as to the need for the disclosure of the identities of

9

confidential informants who did not actively participate in controlled buys in this matter. In the absence of some showing as to the need for such information, the Court will not order the government to disclose the identities of confidential informants who were not active participants in such transactions. Accordingly, the defendant's motion [Doc. 44] is **GRANTED** to the extent that the government has agreed to disclose the identities of confidential informants who actively participated in drug transactions with the defendant, and **DENIED** to the extent that the motion seeks the identities of confidential informants who were not active participants in such transactions. With respect to the portion of the motion seeking the governments' files and reports as to confidential informants, to the extent that such documents are "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case", the government is not required to produce such documents, Fed. R. Crim. P. 16(a)(2), and the motion is **DENIED**.

## XIII.  Summary

In summary, for the reasons and to the extent set forth above, the defendant's Motion to Review Law Enforcement Reports **[Doc. 30]** is **DENIED**; Motion to Review Grand Jury Minutes for Evidence of Prosecutorial Misconduct **[Doc. 31]** is **DENIED**; Motion to Suppress TBI Reports **[Doc. 34]** is **DENIED**, Motion to Suppress Criminal History **[Doc. 35]** is **DENIED**, Motion to Suppress ATF Report **[Doc. 36]** is **DENIED**; Motion to Review the Court Order Authorizing the Electronic Surveillance and Supporting Affidavit **[Doc. 38]** is **DENIED**; Motion to Suppress Rockwood Arrest Report **[Doc. 39]** is **DENIED**; Motion to Review and Inspect Photographs of Evidence **[Doc. 40]** is **GRANTED in part** and **DENIED in part**; Motion to Suppress Statements and Testimony of Confidential Sources **[Doc. 41]** is **DENIED**; Motion to Suppress the Testimony

of Random Witnesses **[Doc. 42]** is **DENIED**; Motion to Review and Inspect all Trial Evidence **[Doc. 43]** is **GRANTED**; and Motion to Review all Confidential Sources and the Files of Confidential Informants **[Doc. 44]** is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge