UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-169 |
| | ) | (PHILLIPS/SHIRLEY) |
| RICHARD EUGENE DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **DETENTION ORDER**

This matter came before the Court on July 9, 2009, to conclude a detention hearing that had initially begun on July 7, 2009. Assistant United States Attorney Cynthia Davidson was present representing the Government. The Defendant was present representing himself. Attorney Karmen Waters was present, serving as elbow counsel to the Defendant. The Court heard the testimony of: Special Agent Jackie Herndon of the Bureau of Alcohol, Tobacco, and Firearms, Ralph Edward Davidson, Sr., and Tishana Renee Fletcher. The Court also heard the arguments of the parties. Thereafter, the Court announced its ruling.

The Court finds there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act and an offense involving a firearm under 18 U.S.C. § 924(c). Therefore, the Court finds that pursuant to 18 U.S.C. § 3142(e)(3), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of other persons and the community and no condition or combination of conditions that will reasonably assure the appearance of the person in this court.

At the hearing, the Defendant presented two witnesses– Ralph Edward Davidson, Sr., and

Tishana Renee Fletcher. These witnesses testified exclusively about the events surrounding the Defendant's arrest, and neither addressed the Defendant's willingness to comply with conditions of release, his dangerousness, or whether the Defendant would flee prosecution. Because the Defendant presented no evidence that he would comply with the conditions imposed by this Court, not flee, and not pose a danger to others, the Court finds that the Defendant has failed to rebut the presumption imposed by 18 U.S.C. § 3142(e).

Further, even assuming the Defendant were able to rebut the presumption, the Court finds, after weighing the factors contained in § 3142(g), there are no conditions of release that will reasonably assure the appearance of the Defendant in this court or assure the safety of other persons or the community. Looking at the first factor, the nature and circumstances of the offense charged, the Court finds that the charges in this case involve both firearms and drugs, both of which are used in the statute as examples of circumstances in which detention would be favored. Thus, the Court finds that the first factor weighs in favor of detention.

Looking at the second factor, the weight of the evidence against the Defendant, the Court finds this factor does not weigh in favor of either detention or release. As the Defendant argued, Special Agent Herndon's testimony included a large amount of hearsay evidence, and while the rules of evidence do not apply to a detention hearing, the Court may discount such testimony, as appropriate. The Court finds the Defendant's presumption of innocence is not outweighed by the hearsay testimony on this issue.

Looking at the third factor, the history and characteristics of the person, the Court finds that this factor weighs in favor of detention. While the Defendant's family ties to this area weigh against flight, his employment history, financial resources, past criminal conduct, and numerous failures to

appear before other courts all weigh in favor of detention. Specifically, the Defendant, in his extensive criminal history, has had no less than fourteen failure to appear charges.

As to the final factor, the seriousness of the danger the Defendant would pose to others, the Defendant's past criminal conduct, including numerous crimes of violence, weigh in favor of detention. In 2005, the Defendant had eleven arrests in a single year, including drug possession, unlawfully carrying a weapon, assault, and probation violations. In 2006, the Defendant had five arrests. In 2007, two domestic assault charges were lodged against the Defendant. Finally, in 2008, the Defendant was arrested on effectively a monthly basis: in May for driving on a suspended license; in June for DUI, in July for driving on a revoked license, failure to appear, and possession of drugs; in August for failure to appear and driving on a suspended license; in October for driving on a revoked license; and in November for felony reckless endangerment. While the Court recognizes that not all of these charges resulted in convictions, the shear volume of the charged criminal offenses speaks to the Defendant's willingness to break laws meant to protect the public and the Defendant's willingness to commit violent crimes against other persons.

Further, the Court cannot ignore the Defendant's persistent arguments that this Court has no jurisdiction or authority over him. These statements further undermine any confidence the Court might have in the Defendant's willingness to comply with its orders while on release.

In sum, the Court finds that, even if the Defendant had overcome the rebuttable presumption against him, which he has not, the Government has established, by clear and convincing evidence, that the release of the Defendant would pose a danger to the safety of the community and, by a preponderance of the evidence, that he is a flight risk and risk of non-appearance. Furthermore, the Court finds that there are no conditions or combination of conditions of release that would

reasonably assure the Court that the Defendant would appear as required and not pose a danger to the safety of any other person or the community.

It is therefore **ORDERED** that the Defendant, Richard Eugene Davidson, be detained. He is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting sentencing or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. Upon order of this Court or a Court of the United States or upon request of the attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshals for the purpose of an appearance in connection with a Court proceeding.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

4