UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-169 |
| | ) | (PHILLIPS/SHIRLEY) |
| RICHARD EUGENE DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court, as may be appropriate. The parties appeared before the Court for a motion hearing on July 7, 2009, to address a number of pending pretrial motions. Assistant United States Attorney Cynthia Davidson was present representing the Government. The Defendant was present representing himself. Attorney Karmen Waters was present, serving as elbow counsel for the Defendant.

The following nondispositive motions were pending at the time of the hearing: Motion for Leave to Late-File Motion to Dismiss [Doc. 81], Petition to Compel the Court to State the Jurisdiction of on and for the Record [Doc. 93], Motion to Review the Record from the 28th Day of May [Doc. 103], Petition for a Writ of Prohibition and Mandamus [Doc. 104], Affidavit of Negative Aveerment [sic] Opportunity to Cure and Counterclaim [Doc. 105], and Motion for Review of the Record from the 19 th Day of May 2009 [Doc. 108]. The Court will address each of these motions in turn.

### A. Motion for Leave to Late-File Motion to Dismiss [Doc. 81]

In his Motion for Leave [Doc. 81], the Defendant requests that he be allowed to file a Motion to Dismiss [Doc. 81-1] out of time. The Government stated that it did not oppose the Motion for Leave and noted that it had addressed the substance of the Motion to Dismiss [Doc. 81-1], which was attached to and filed with the Motion for Leave.

The Defendant's Motion for Leave **[Doc. 81]** being unopposed, the Court finds that the motion is well-taken, and it is **GRANTED**. The Motion to Dismiss [Doc. 81-1] shall be addressed in a report and recommendation to follow this opinion.

### B. Petition to Compel the Court to State the Jurisdiction of on and for the Record [Doc. 93]

In his Petition to Compel [Doc. 93], the Defendant moves the Court to "state the Jurisdiction of this court on and for the record." The Defendant explained at the hearing that this motion is related to two motions to dismiss [Docs. 91 and 98]. The Court will address the merits of the motions to dismiss in its report and recommendation to the District Court.

Looking at the relief specifically sought in the Petition to Compel [Doc. 93], the Defendant's request and his argument in support of the request lack merit. While the Court will address the substance of this issue more thoroughly in its report and recommendation, the Court finds that the jurisdiction of this Court is well-established, 18 U.S.C. § 3231; 28 U.S.C. § 636; Gonzalez v. United States, 553 U.S. ___, 128 S.Ct. 1765, 1767-68 (2008), and this jurisdiction being established, there are no grounds on which to compel the Government or this Court to produce any evidence or documentation of its jurisdiction. The Defendant may examine the relevant authorities stating the jurisdiction of this Court without any action or production by this Court.

Accordingly, the Court finds that the Defendant's Petition to Compel [Doc. 93] is not well-taken, and it is **DENIED**.

C.  **Motion to Review the Record from the 28th Day of May [Doc. 103] and Motion for Review of the Record from the 29th Day of May 2009 [Doc. 108]**

The Defendant's Motion to Review the Record from the 28th Day of May [Doc. 103] and Motion for Review of the Record from the 29th Day of May 2009 [Doc. 108] mirror one another and seek the same relief. At the hearing, the Defendant explained that the second of these motions [Doc. 108] corrected the first motion's inclusion of the wrong date. The Defendant stated that the second motion was meant to replace the first. Therefore, the Court will analyze the merits of the second Motion for Review [Doc. 108] and finds the first Motion for Review [Doc. 103] to be moot. Accordingly, the first Motion for Review **[Doc. 103]** is **DENIED AS MOOT**.

In his Motion for Review [Doc. 108], the Defendant alleges that AUSA Davidson made a false declaration to the Court stating "we have not disclosed the evidence to anyone other than the Defendant." [Doc. 108 at 1]. The Defendant seeks a copy of the record, i.e. a transcription, of the proceedings held before this Court on May 29, 2009. At the hearing held July 7, 2009, the Government agreed to provide the Defendant with a transcription of the portion of the record that included the discussion he referenced. This matter came before the Court for a second hearing on July 9, 2009, to address the issue of the Defendant's detention. At this hearing, the Government informed the Court that the Defendant had been given the transcription on the morning of July 9, 2009.

Because the Government has supplied the Defendant with the materials he sought in his Motion for Review **[Doc. 108]**, the Court finds that the motion is now moot, and accordingly, it is **DENIED AS MOOT**.

### D. Petition for a Writ of Prohibition and Mandamus [Doc. 104]

The Defendant's Petition for a Writ of Prohibition and Mandamus [Doc. 104] requests that the Court of Appeals for the Sixth Circuit issue a writ prohibiting AUSA Cynthia Davidson, ATF Special Agent Jackie Herndon, and a number of other agents and officers be prohibited from making "any further disclosure of illegally intercepted and disclosed wire, oral, or electronic communication and any evidence derived therefrom." [Doc. 104 at 2].

At the hearing, the Defendant confirmed that the Petition was directed at the Court of Appeals for the Sixth Circuit. The Defendant indicated that he sought relief only from the Court of Appeals, and therefore, the Defendant stated that he did not desire to present any argument on the petition to this Court. Because the Petition **[Doc. 104]** seeks no relief from this Court, it is **DENIED AS MOOT**.

### E. Affidavit of Negative Aveerment [sic] Opportunity to Cure and Counterclaim [Doc. 105]

Finally, the Court addressed the document entitled, "Affidavit of Negative Aveerment [sic] Opportunity to Cure and Counterclaim," [Doc. 105]. At the hearing, the Defendant stated that this document was not a motion. Rather, the Defendant stated that the document was meant to deny the legitimacy of the allegations against him and, also, to initiate a counterclaim against the Government. The Government had no response to the substance of the document. However, the Government noted that the document was not on the agenda for the hearing, because it was not filed as a motion.

The Court heard the Defendant's arguments in support of this document at the hearing, in order to determine the relief sought in the motion and to determine whether the Defendant's arguments contained any merit. The Defendant, both in the document and at the hearing, presents a variety of nonsensical arguments including an argument that the United States has turned him into

a corporate entity, by spelling his name in all capital letters in the Indictment, and an argument that this Court is sitting in admiralty, because the United States of America's flag contains a yellow tassel border. Further, the Defendant intends to institute a civil suit against the Government and seeks civil damages through this "counter-claim." As the Court briefly explained to the Defendant, counter-claims are allowed only in civil litigation, and civil litigation cannot be instituted by filing a document in a criminal case.

To the extent that this document seeks any relief from this Court, the Court finds its arguments to be devoid of merit. Accordingly, the "Affidavit of Negative Aveerment [sic] Opportunity to Cure and Counterclaim" **[Doc. 105]** is **DENIED**.

**F.   Conclusion**

In sum,

1.   The Motion for Leave **[Doc. 81]** is **GRANTED**;

2.   The Petition to Compel **[Doc. 93]** is **DENIED**;

3.   The the first Motion for Review **[Doc. 103]** is **DENIED AS MOOT**, and the second Motion for Review **[Doc. 108]** is also **DENIED AS MOOT**;

4.   The Petition for a Writ of Prohibition and Mandamus **[Doc. 104]** is **DENIED AS MOOT**; and

5.   The "Affidavit of Negative Aveerment [sic] Opportunity to Cure and Counterclaim" **[Doc. 105]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge