UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-169 |
| | ) | (PHILLIPS/SHIRLEY) |
| RICHARD EUGENE DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court, as may be appropriate. The Defendant is charged in a nine-count Indictment [Doc. 22], which alleges a number of crimes involving "crack" cocaine, cocaine hydrochloride, and firearms. The Defendant has filed a number of motions to dismiss in this case, to which the Government has responded in opposition.

The parties appeared before the Court for a motion hearing on July 7, 2009. Assistant United States Attorney Cynthia Davidson was present representing the Government. The Defendant was present representing himself. Attorney Karmen Waters was present, serving as elbow counsel for the Defendant. The Court heard the evidence presented and the arguments of the parties on the motion. The Court took the motion under advisement on July 8, 2009.

At the hearing the Court heard testimony on the issue of detention, but did not take testimony on the issues presented in the Defendant's motions. A single exhibit consisting of the search warrant

issued for 308 North Trinity Avenue, Rockwood, Tennessee, the underlying affidavit, and the search warrant return, was admitted into evidence as **Exhibit 1**.

**I.     ANALYSIS**

Four dispositive motions are before the Court: Motion to Dismiss [Doc. 81-1], Petition to Compel the Government to Provide the Application and Court Order Authorizing the Interception of Oral and Electronic Communications [Doc. 97], Motion to Dismiss For Lack of Jurisdiction [Doc. 91], and Motion to Dismiss [Doc. 98]. The Court will address each of these in turn.

**A.     Motion to Dismiss [Doc. 81-1]**

The Court has granted the Defendant's Motion for Leave to Late-File a Motion to Dismiss [Doc. 81], and accordingly, at the hearing, the Court allowed both parties to address the merits of the Defendant's Motion to Dismiss [Doc. 81-1].[1]

As to the search warrant issued in this case, the Defendant argues that the warrant was "exploratory and general," in violation of the Fourteenth Amendment to the United States Constitution and issued without jurisdiction. [Doc. 81-1 at 3]. He also contends that his rights under the Fifth Amendment were violated because he was arrested prior to the issuance of an indictment or arrest warrant. [Doc. 81-1 at 4]. The Defendant also contends that his rights under the Sixth Amendment have been violated by non-compliance with the Speedy Trial Act, improper jurisdiction, and his inability to gather witnesses while in custody. [Doc. 81-1 at 5]. Finally, the Defendant contends that his detention is a violation of his rights under the Eighth Amendment. [Doc. 81-1 at 5-6].

---

[1] At the hearing, the Defendant addressed the Motion [Doc. 81-1] and the Petition [Doc. 97] simultaneously. However, for clarity, the Court will address each document and the relief sought therein separately.

In response, the Government argued, at the hearing, that the search warrants in this case were sufficiently particular and that, likewise, the return made with the warrant listed the items seized with sufficient particularity. The Government submitted the search warrant affidavit, the search warrant, and the search warrant return, as Collective Exhibit 1.

The Court has reviewed the search warrant, the underlying affidavit, and the search warrant return made in this case along with the arrest warrant that was issued. The underlying affidavit is over eight pages and details numerous controlled buys that were made between trusted informants and the Defendant. Further, it attests to Agent Herndon's expertise in these matters and her knowledge of the materials and items that are employed in the narcotics trade. The Court finds that the affidavit established that there was "a fair probability that contraband or evidence of a crime [would] be found" at 308 North Trinity Avenue, Rockwood, Tennessee, and therefore that the affidavit supplied probable cause for the search warrant to issue. See Illinois v. Gates, 462 U.S. 213, 238 (1983). The search warrant described the residence to be searched with sufficient particularity ("a white single-story residence with board siding and a gray asphalt shingle roof, having a covered porch on the front of the residence, and being surrounded by a chain link fence . . ."), and the warrant described the firearms, drugs, and associated items with sufficient particularity. Finally, the evidence log, which was composed on November 12, 2009, describes the twenty-nine items seized with sufficient particularity, and it was timely returned on November 19, 2009.

Similarly the Court finds that the Complaint [Doc. 1] was supported by and based upon probable cause supplied in the same affidavit [Doc. 1-1], which was also filed with the Complaint on November 10, 2008, and that Magistrate Judge Guyton had probable cause to issue an arrest warrant based upon the Complaint on November 10, 2008, although the Defendant has not really

3

challenged the probable cause element of his arrest. The facts establish that, contrary to the Defendant's assertion that he was arrested prior to the issuance of an arrest warrant, the arrest warrant was issued November 10, 2008, and he was arrested on November 12, 2008. That he was arrested prior to an indictment is correct. However, he was arrested pursuant to a properly executed criminal complaint which is appropriate. Thus, the Defendant was properly arrested pursuant to a complaint and arrest warrant on November 12, 2008.

Based on the foregoing, the Court finds that the warrants in this case were supported by probable cause and were properly issued by Magistrate Judge Guyton. The Defendant has presented no evidence to support his allegations of constitutional violations or violations of the Speedy Trial Act, nor has the Court found any evidence, or even indication, that constitutional violations or any other procedural violations have occurred in this case. Accordingly, the Court finds that the Defendant's Motion to Dismiss [Doc. 81-1] is not well-taken, and the Court finds that it should be DENIED.

**B.      Petition to Compel the Government to Provide the Application and Court Order Authorizing the Interception of Oral and Electronic Communications [Doc. 97]**

In the "Petition to Compel the Government to Provide the Application and Court Order Authorizing the Interception of Oral and Electronic Communications" [Doc. 97], the Defendant moves the Court to require the Government to produce documents authorizing the interception of oral or electronic communications, in order to prove that interceptions made in this case were legal under the Omnibus Crime Control and Safe Streets Act of 1968 (frequently referred to as "The Wiretap Act") 18 U.S.C. § 2510, *et seq*. The Defendant also seeks: injunctive relief under 18 U.S.C. § 2521, a judgment under 18 U.S.C. § 2520, and suppression of any interceptions under 18 U.S.C.

§ 2518. [Doc. 97]. The Government argues that the Wiretap Act is inapplicable to the recordings in this case, because all of the recordings were consensual, and therefore, the Wiretap Act does not preclude the Defendant from using the recordings.

The Defendant relies upon 18 U.S.C. § 2515, a provision of the Wiretap Act which bars the use of such intercepted wire or oral communications as evidence, in certain instances. Under the Act, an "oral communication" is "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation," and "intercept" means "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510. The Defendant argues that his statements to confidential informants in this case were oral communications, and they were intercepted by an electronic device. Even assuming *arguendo*, without so finding, that the Defendant is correct, then the conversations recorded in this case would fall within the purview of the Wiretap Act as intercepted oral communications.

However, the Wiretap Act lists a number of exceptions to its prohibition, including the provision that, "[i]t shall not be unlawful . . . for a person acting under color of law to intercept a wire, oral, or electronic communication, where . . . one of the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(2)(c).

The Court finds that the recordings made in this case were made by confidential informants, acting under color of law, that had consented to the recording of their conversations with the Defendant. The Affidavit of Special Agent Jackie Herndon was admitted into evidence as part of Collective Exhibit 1 to the hearing. In her affidavit, Agent Herndon states that a confidential informant identified as CS-2 "made consensually recorded telephone calls to [the Defendant] and

5

others concerning illegal drug purchases, and has made controlled narcotics buys from [the Defendant]." Herndon Aff. at 2. Further, Agent Herndon describes consensual recordings made by a confidential informants identified as CS-1 and CS-2 during controlled buys. Herndon Aff. at 3. Agent Herndon explains that after being equipped with confidential funds, a transmitter, and a recording device CS-1 and CS-2 participated in a number of controlled narcotics purchases. The Defendant has presented no evidence to dispute or discredit the contents of Agent Herndon's affidavit.

The Court finds that the confidential informants who participated in the recordings of their interactions with the Defendant were acting under color of law. The confidential informants were directly supervised by officers. The government agents and officers requested, authorized, and facilitated the taping with the intent of using them in an investigation of the Defendant, and accordingly, the Court concludes that the recordings were made under color of law. See United States v. Obron Atlantic Corp., 990 F.2d 861, 864-65 (6th Cir. 1993) (finding that cooperating informant's recordings were made under color of law even though informant retained discretion as to which conversations to record where government agents requested informant make recorded conversations, obtained authorization for such conversations, provided informant with instructions on how to conduct such recorded conversations, and maintained regular contact with the informant).

Further, Agent Herndon's affidavit evidences ongoing cooperation from these informants and describes the consensual recordings. The Defendant has presented no evidence to undermine Agent Herndon's sworn statement. Accordingly, the Court finds that the confidential informants consented to their interactions with the Defendant being recorded, and therefore, the Court finds that the recordings made in this case are not prohibited recordings pursuant to 18 U.S.C. § 2511(2)(c). See

6

United States v. Porter, 29 Fed. App'x 232, 238 (6th Cir. 2002) ("In cases, . . . where the government makes a recording with the consent and cooperation of a government informant who is a participant in the conversation, there is no duty to inform the defendant or to obtain a court order.")

Based on the foregoing, the Court finds that the Government has demonstrated that the recordings in this case were made legally and were not in violation of the Federal Wiretap Act. Therefore, the Court finds that the Defendant's requests for relief are not well-taken, and the Court finds that the Defendant's "Petition to Compel the Government to Provide the Application and Court Order Authorizing the Interception of Oral and Electronic Communications" [Doc. 97] should be DENIED.

**C.      Motion to Dismiss For Lack of Jurisdiction [Doc. 91]**

In his Motion to Dismiss [Doc. 91], the Defendant moves for the dismissal of this case, first, because he contends this Court lacks jurisdiction over the matter and, also, because a number of constitutional violations have been committed in this case. At the hearing, the Defendant stated that it was his belief that, because he had not entered into a contract or participated in a trust fund with the United States, he was not subject to federal jurisdiction. The Defendant also maintained that he was not a United States citizen, and therefore, the Court lacked jurisdiction.

The Government responds that the arguments presented by the Defendant are frivolous and have been wholly rejected by courts. The Government cites numerous Courts of Appeals decisions that reject similar "non-resident," "natural individual," "non-citizen," and sovereignty arguments against federal sovereignty. [Doc. 102 at 2-3 (e.g. United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting "shop worn" argument that defendant is a citizen of the "Indiana State Republic" and therefore "an alien beyond the jurisdictional reach of the federal courts")]. The

7

Government relied on the contents of its response at the hearing.

As in its prior orders, the Court reiterates that the jurisdiction of this Court is well-established. In Article III of the United States Constitution, the judicial power is vested in the Supreme Court "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress ordained and established the Tennessee district courts, including this one, in 28 U.S.C. § 123. Congress has declared that the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the State, of all offenses against the laws of the United States." 18 U.S.C. § 3231. The crimes charged in this case are offenses against the laws of the United States. Moreover, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Further, the jurisdiction of this Court to address matter on referral is well-established. 28 U.S.C. § 636; Gonzalez v. United States, 553 U.S. \_\_\_\_, 128 S.Ct. 1765, 1767-68 (2008). In the present case, the Defendant has been charged with numerous violations of federal laws and statutes, 21 U.S.C. § 841 and 18 U.S.C. § 924, which allegedly took place in the Eastern District of Tennessee. The Court therefore has jurisdiction over this matter as an alleged violation of federal law which allegedly took place within this district.

Contrary to the Defendant's frivolous and baseless arguments regarding, among other things, federal common law, the use of seals in this case, and his contention that he has not entered into a contract or trust fund with the United States, the Court finds that the Defendant is subject to the jurisdiction of this Court.

As to the Defendant's contention that constitutional violations have occurred in this case,

the Defendant has, again, presented no evidence to support this position. The Defendant's bare assertions that he has been wronged by this Court's exercise of its jurisdiction do not alone establish grounds for dismissal. The only specific allegation the Court can ascertain from the Defendant's pleading is that Magistrate Judge Guyton's signing of warrants in this case was improper and unconstitutional. However, the Court finds that this contention is meritless. The Court finds that Magistrate Judge Guyton was authorized to issue the warrant pursuant to Federal Rules of Criminal Procedure 4, 9, and 41, and as discussed above, the Court finds that the search and arrest warrants issued in this case were sufficiently particular, supported by probable cause, and properly executed and returned.

Based on the foregoing, the Court finds the Defendant's arguments, both as to jurisdiction and as to constitutional violations, lack merit. Accordingly, the Court finds that the Defendant's Motion to Dismiss [Doc. 91] is not well-taken, and the Court finds that it should be DENIED.

**3.      Motion to Dismiss [Doc. 98]**

The Defendant represented to the Court at the hearing that his second Motion to Dismiss [Doc. 98] rested upon essentially the same grounds as his first Motion to Dismiss [Doc. 91]. A review of the Motion reveals that it does make the same allegation that the warrants in this case were improperly issued by Magistrate Judge Guyton. The Government maintains that the warrants were properly issued and executed.

The Defendant contends that, pursuant to Rule 1(a)(4) and Rule 54(b)(1) of the Federal Rules of Criminal Procedure, Magistrate Judge Guyton lacked authority to issue warrants in this case. Rule 1(a)(4) states that the Federal Rules of Criminal Procedure govern actions after removal but state law governs a dismissal by the prosecution. Rule 54 was incorporated into Rule 1 by the 2002

9

amendments to the Federal Rules of Criminal Procedure. The Court has reviewed Rule 1, in its entirety, and finds that Rule 1 in no way undermines the jurisdiction of Magistrate Judge Guyton to issue the warrants in this case. Further, the Court again finds that Magistrate Judge Guyton was authorized, pursuant to Rules 4, 9, and 41, to issue these warrants.

Accordingly, the Court finds that the second Motion to Dismiss [Doc. 98] is not well-taken, and the Court finds that it should be DENIED.

## V. CONCLUSION

After carefully considering the evidence introduced during the course of the evidentiary hearing and after reviewing the relevant legal authorities, the Court finds the Defendant's motions are not well taken. Therefore, it is **RECOMMENDED** that the Defendant's Motion to Dismiss **[Doc. 81-1]**, Petition to Compel the Government to Provide the Application and Court Order Authorizing the Interception of Oral and Electronic Communications **[Doc. 97]**, Motion to Dismiss For Lack of Jurisdiction **[Doc. 91]**, and Motion to Dismiss **[Doc. 98]** be **DENIED**.[2]

          Respectfully Submitted,

           s/ C. Clifford Shirley, Jr.
          United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).