UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:08-CR-169 |
| RICHARD EUGENE DAVIDSON, | ) | (PHILLIPS/SHIRLEY) |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court for a motion hearing on August 31, 2009,[1] on the Defendant's pending *pro se* Motion to Relieve Elbow Counsel from Duties [Doc. 128], filed on August 20, 2009. The Court also took up the Defendant's Motion for Leave to File a Motion [Doc. 126], filed on August 18, 2009, and his Motion for an Earlier Trial Date That Is in Compliance with the (70 Day) Speedy Trial Act / Recind [sic.] of Statement [Doc. 130], filed on August 24, 2009. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the

---

[1]The Court notes that later the day of the hearing, it became aware of a document filed by the Defendant, styled Petition for a Writ of Mandamus [Doc. 137]. This Petition appears to be a copy, with the original having been filed with the Court of Appeals for the Sixth Circuit on August 21, 2009. The copy was filed in the District Court on August 25, 2009, but was not docketed until August 31, 2009. On the third page of this document, the Defendant states that he has filed a complaint against the undersigned with the Sixth Circuit. The Court was not aware of this complaint at the time of the hearing when it made the rulings memorialized in this Order. Moreover, the Defendant did not mention the filing of a complaint during the hearing.

1

Government. The Defendant represented himself, with Attorney Karmen L. Waters appearing as standby counsel.

In his motion to relieve elbow counsel [Doc. 128], the Defendant asks the Court to relieve elbow counsel from her duties due to "nonperformance and other serious conflicts." At the hearing, the Defendant faulted elbow counsel for failing to provide information that he needed in order to prepare for trial. Attorney Waters stated that the Defendant has misconstrued the role of elbow counsel, that he had sent her a "task list," and that he failed to provide citations or provided what seemed to be incorrect citations for some of the materials he requested. She said that she had offered to meet with the Defendant on these matters but that he filed the instant motion before they could meet. The Government took no position on the matter.

The Court finds that the Defendant's motion to relieve elbow counsel is premature. The Court explained that the role of elbow counsel does involve counsel assisting the Defendant by providing a moderate amount of legal information (i.e., cases, statutes, etc.) that he is seeking. On the other hand, the Defendant needs to provide the citations to the materials that he is seeking and needs to be reasonable about the amount of information he requests. Finally, the Court noted that the Defendant can choose not to rely on the assistance of elbow counsel. Accordingly, the Defendant's Motion to Relieve Elbow Counsel from Duties [**Doc. 128**] is **DENIED as premature**. The Court will grant the Defendant a limited opportunity to refile this motion if he deems it necessary in the future.

The Court also briefly addressed the Defendant's motion [Doc. 130] to move up the November 9, 2009 trial date in this case. The Government's response time has not yet run on this motion, but AUSA Davidson responded orally that the trial of the nine-count indictment would take

2

three to four days. She stated that given her present trial schedule, she had no time in the next two months to try a case of that length. Moreover, she pointed out that the Defendant had agreed with the November 9 trial date and that the Court had excluded all time up to that date.

Referring to an unfiled motion to strike surplusage from the indictment, the Defendant stated that he had only received evidence in discovery relating to three of the nine counts with which he had been charged, that the other six counts should be stricken as frivolous, and that he intended to file a motion in that regard. He argued that once these six counts were stricken, the trial would not take as long as the Government estimated. The Court noted that it had continued the Defendant's trial to November 9 because the Defendant wanted to file additional motions. It noted that the Defendant had continued to file motions in the intervening time period, including the three motions now pending, and that he wanted to file yet another motion. If the Court permits the Defendant to file this motion, the potential response time, hearing time, and time to issue a ruling could take the Court well into October. The Government pointed out that the Defendant also had several objections to the Reports and Recommendations of this Court pending. Following this conversation, the Defendant stated that he wanted to keep the November 9 trial date and file a motion regarding the dismissal of frivolous counts. Accordingly, the Defendant's Motion for an Earlier Trial Date That Is in Compliance with the (70 Day) Speedy Trial Act / Recind [sic.] of Statement [**Doc. 130**] is **DENIED as moot** because the Defendant agreed that he wanted to keep the November 9, 2009 trial date.

The Court addressed the defendant's Motion for Leave to File a Motion [Doc. 126]. In the underlying motion, which the Defendant attached, he seeks the dismissal of his case under the Fairness in Cocaine Sentencing Act of 2009. The Court noted that the document that the Defendant

3

has filed in support of his underlying motion to dismiss reveals that the Fairness in Cocaine Sentencing Act of 2009 has not been enacted into law but is a bill proposed to the House of Representatives. Accordingly, the Court finds that the defendant's proposed motion to dismiss is without merit and, thus, his Motion for Leave to File a Motion [**Doc. 126**] is **DENIED**.

Lastly, the Court permitted the Defendant to file a Motion for Leave to File "Motion to Strike Surplusage from the Indictment Rule 7(d)" in open court.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Relieve Elbow Counsel from Duties [**Doc. 128**] is **DENIED as prematurely filed**;

(2) The Defendant's Motion for an Earlier Trial Date That Is in Compliance with the (70 Day) Speedy Trial Act / Recind [sic.] of Statement [**Doc. 130**] is **DENIED as moot**;

(3) The Defendant's Motion for Leave to File a Motion [**Doc. 126**] is **DENIED**; and

(4) The Defendant's oral request to file a Motion for Leave to File "Motion to Strike Surplusage from the Indictment Rule 7(d)" is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge

4