UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RICHARD EUGENE DAVIDSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos.: 3:08-cr-169 |
| ) | 3:13-cv-301 |
| ) | *Judge Phillips* |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

This is a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Richard Eugene Davidson ("petitioner"). Petitioner was ordered to show cause why his § 2255 motion should not be dismissed as untimely and he has responded to that order. For the following reasons, the § 2255 motion will be **DENIED** as time-barred and this action will be **DISMISSED**. His motion for release pending review of the § 2255 motion will be **DENIED** as **MOOT**.

Petitioner was found guilty by a jury of various drug-trafficking and firearm crimes and was sentenced to a total term of imprisonment of 378 months. His convictions were affirmed on direct appeal. *United States v. Davidson*, 452 F. App'x 659 (6th Cir. Dec. 21, 2011). Section 2255 provides for a one-year statute of limitation within which to file a

motion to vacate sentence; the limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). In a case such as this where a direct appeal was filed, the statute of limitation commenced when the 90-day period for seeking certiorari review expired, despite the fact that petitioner did not file a petition for certiorari. *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). For purposes of Supreme Court review, "'[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate'"). *Id*. at 527 (quoting Supreme Court Rule 13(3)).

The Sixth Circuit's opinion affirming petitioner's judgment of conviction was filed December 21, 2011. The one-year statute of limitation thus commenced on March 20, 2012, and petitioner had until March 20, 2013, to file his § 2255 motion. Petitioner filed his § 2255 motion on May 21, 2013.[1]

Petitioner claimed that his § 2255 motion is timely because it was filed within one year of the Supreme Court's denial of his petition for writ of mandamus. Petitioner did file a petition for writ of mandamus with the Supreme Court, which was denied on October 1, 2012). *In re Davidson*, 133 S. Ct. 227 (Oct. 1, 2012). He admitted, however, that he did not

---

[1]Although the court received the § 2255 motion on May 24, 2013, the motion contains a certificate that it was placed in the prison mailing system on May 21, 2013, and thus is considered filed on that date under the "prison mail room filing" rule of *Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

2

file a petition for certiorari in the Supreme Court. This court noted that, to the best of the court's knowledge, a petition for writ of mandamus cannot substitute for a petition for a writ of certiorari. *See Ex parte Park Square Automobile Station*, 244 U.S. 412, 412-416 (1917) (absent exceptional circumstances, a petition for the writ of mandamus is not a substitute for a petition for a writ of certiorari for purposes of reviewing a lower court's decision). For that reason, the court ordered petitioner to show cause why his § 2255 motion is not barred by the one-year statute of limitation. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (district court may *sua sponte* dismiss habeas petition as time-barred, after giving petitioner fair notice and an opportunity to be heard).

In response to the show cause order, petitioner reiterates his claim that his § 2255 motion is timely because it was filed within one year of the Supreme Court's denial of his petition for writ of mandamus. He refers the court to numerous cases wherein the Supreme Court converted a motion for mandamus into a petition for a writ of certiorari. *See, e.g., In re Beckley*, 543 U.S. 1117 (2005) (petition for writ of mandamus denied; submitted papers treated as a petition for writ of certiorari; certiorari granted); *Calderon v. Thompson*, 521 U.S. 1140 (1997) (petition for writ of mandamus denied; submitted papers treated as petition for writ of certiorari; certiorari granted on limited basis); *Collier v. United States*, 382 U.S. 890 (1965) (petition for writ of mandamus denied; submitted papers treated as a petition for writ of certiorari; certiorari granted).

Petitioner's argument overlooks the fact that, in his case, the Supreme Court did not convert his petition for writ of mandamus into a petition for writ of certiorari, but simply

3

denied the petition as it was.  Under those circumstances, the court finds that the § 2255 motion was not timely filed.

Petitioner also argues that his § 2255 motion should not be time-barred because he was not aware of when the statute of limitation would commence and because he is actually innocent of the firearm convictions.  The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases."  *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  "A habeas petitioner is entitled to equitable tolling only if two requirements are met.  First, the petitioner must establish 'that he has been pursuing his rights diligently.'  And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'"  *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling).  Petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted).

With respect to petitioner's claim that he was not aware of when the one-year statute began to run, "[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling."  *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *see also Harrison v. I.M.S.*, 56 F. App'x 682, 685, 2003 WL 173669 *4 (6th Cir. 2003) ("Petitioner's alleged ignorance of legal matters does not demonstrate a lack of constructive knowledge of the filing deadline."); *Miller v. Cason*, 49 F. App'x 495, 497, 2002 WL 31164208 *2 (6th Cir.

4

2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."). "District judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (holding that judges are not required to warn litigants of AEDPA time limits).

As to petitioner's claim of actual innocence, the Sixth Circuit has held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). The Sixth Circuit noted that "'actual innocence means factual innocence, not mere legal insufficiency.'" *Id.* at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Unfortunately for petitioner, the Sixth Circuit on direct appeal considered and rejected his claim that he was innocent of the two counts of possessing a firearm in furtherance of a drug trafficking crime.

> Davidson was charged under the "possessing" prong in relation to two separate drug offenses: (1) distributing crack cocaine in one of the controlled transactions on November 3, 2008, and (2) possessing crack cocaine with intent to distribute on November 12, 2008, when the search warrant was executed. With regard to the November 3, 2008, offense, Matthew Haga, a cooperating informant, testified that Davidson had a pistol tucked into his waistband during the transaction and that other firearms were nearby in the room where the transaction occurred. Thus, Haga's testimony establishes that Davidson was in possession of firearms during a drug trafficking crime.
>
> In the search of Davidson's residence in 2008, officers found loaded firearms, digital scales, ammunition, some cocaine hydrochloride, and various measuring cups containing cocaine residue. They also found mail addressed to Davidson at that location. "Proof that [a] person has dominion over the premises where the firearm is located is sufficient to establish constructive possession." The loaded firearms discovered at Davidson's residence at least establish constructive possession.

5

> With regard to the "in furtherance" element, there must be a "specific nexus between the gun and the crime charged." Agent Lewis testified that drug dealers often possess firearms to protect themselves and their businesses. It is also the case that many of the firearms in Davidson's residence were loaded, easily accessible, and in strategic locations. There is thus ample evidence for a rational trier of fact to find beyond a reasonable doubt that Davidson possessed firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1).

*United States v. Davidson*, 452 F. App'x at 663 (quoting, respectively, *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir.1998); *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir.2001)) (internal citation omitted). Petitioner is not entitled to equitable tolling based upon his claim of actual innocence.

The motion to vacate, set aside or correct sentence will be **DENIED** as time-barred and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

              s/ Thomas W. Phillips
              United States District Judge