UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 3:08-CR-169 |
| V. | ) | |
| | ) | (Phillips) |
| RICHARD EUGENE DAVIDSON | ) | |

**MEMORANDUM AND ORDER**

On November 12, 2009, Davidson was convicted at trial of three counts of distributing crack cocaine; three counts of distributing at least five grams of crack cocaine; one count of possessing with intent to distribute crack cocaine; and two counts of possessing a firearm in furtherance of a drug trafficking crime. Davidson was sentenced to concurrent terms of 78 months for the drug offenses, plus a consecutive term of 300 months for the firearm convictions, for a total of 378 months. Davidson's conviction and sentence were affirmed by the Sixth Circuit Court of Appeals on December 21, 2011.

Defendant, acting *pro se*, has filed a number of motions following his conviction: (1) motion for release pending review of his § 2255 motion [Doc. 259]; (2) motion for leave to amend his § 2255 motion [Doc. 261]; (3) motions for new trial [Docs. 242, 243, 246, 256]; (4) motion for an evidentiary hearing on his motions for new trial [Doc.

1

247]; (5) motion for release pending disposition of his motions for new trial [Doc. 248, 249]; and (6) motion to quash indictment [Doc. 234, 235].

## Analysis

First, the court will address defendant's motions to dismiss the indictment. Defendant was required to fill all pretrial motions, including motions to dismiss the indictment, by April 9, 2009. Therefore, defendant's motions filed on September 7, 2010 (after trial), seeking to quash the indictment are untimely, and they are **DENIED.** The court will next consider defendant's motions for a new trial.

Defendant's rationale for a new trial is that (1) the United States lacked authority to bring charges against him, and (2) the prosecutors and agents responsible for instituting, prosecuting and investigating the case against him were not properly appointed to represent the United States in this case and thus were without authority to bring charges against him. Rule 33 of the Federal Rules of Criminal Procedure sets out the time for filing motions for new trial:

> (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>
> (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

2

The Sixth Circuit has adopted the following standard for determining whether a new trial based on newly discovered evidence is warranted:

> To obtain a new trial on this basis, a defendant must show that: (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal.

*United States v. Barlow,* 693 F.2d 954, 966 (6th Cir. 1982). Trials based on newly discovered evidence are disfavored. *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986). A threshold question is whether the "evidence" in question is, in fact, evidence or instead a newly discovered theory. "Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence." *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003). "An attempt to relitigate the case on a new theory is not considered newly discovered evidence but is merely a newly discovered issue of law." *Id.*

Defendant's belated discovery of a potential legal argument is not evidence. Moreover, the alleged discovery of his argument that the government and prosecutors lacked authority to bring charges against him cannot be considered "new evidence", as it is based on facts that were available to him prior to trial. Finally, defendant's initial motion for new trial was filed November 30, 2012, more than three years after the November 12, 2009 guilty verdict and thus plainly out of time, as are all his subsequent motions for new trial.

3

Finally, on June 12, 2013, this court denied defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Thus, defendant's motions for release pending resolution of his § 2255 motion and motion to amend his § 2255 motion are **DENIED AS MOOT**.

## Conclusion

For the preceding reasons, defendant's motions for new trial, motion to dismiss indictment, motion for evidentiary hearing, and motions for release from imprisonment [Docs. 234, 235, 242, 243, 246, 247, 248, 249, 256, 259, 261] are **DENIED.**

**IT IS SO ORDERED**.

**ENTER:**

      s/ Thomas W. Phillips
United States District Judge