UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:08-CR-169-TAV-DHI-1 |
| RICHARD EUGENE DAVIDSON, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's motion for a sentence reduction [Doc. 293]. In defendant's motion, defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual. The government has responded [Doc. 295]. The government defers to the Court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the United States Sentencing Guidelines Manual.

Defendant has also filed a pro se motion styled "MOTION to Dismiss Counts for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) and for Summary Judgment and Immediate Release Pursuant to Rule 56(c)" [Doc. 294]. The government has not responded to that motion.

Each motion will be addressed in turn. For the reasons that follow, defendant's motion to reduce his sentence will be granted, and the other motion will be denied.

## I. Sentence Reduction Under Amendment 782

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C). In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

### A. Background

Defendant was convicted by jury trial of six counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C); one count of distributing cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and two counts of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) [Doc. 224]. He was held responsible for 28.8 grams of cocaine base and 6.1 grams of cocaine hydrochloride, for a combined marijuana equivalent of 577.22 kilograms and offense level of 26 [Presentence Investigation Report ("PSR") ¶¶ 25, 31, 38]. Given

defendant's criminal history category of III, the corresponding guidelines range for the drug offenses was 78 to 97 months' imprisonment.

The Court ultimately sentenced defendant to an aggregate term of 378 months, consisting of 78 months for the drug offenses, followed by the consecutive mandatory minimums for the firearms offenses. (R. 224, Judgment with Statement of Reasons. According to the Bureau of Prisons, defendant is presently scheduled for release on July 16, 2036 [Doc. 295].

### B. Analysis

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

Applying Amendment 782, defendant's revised base offense level is 24 and his amended guideline range is 63 to 78 months. Thus, defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sentencing

Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted). As discussed, that is the case here.

The Court will now consider the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced. As an initial matter, the Court determines that factors similar to the ones that applied at defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of defendant's offense(s) and defendant's history and characteristics.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of defendant, and to provide defendant with needed education and training, medical care, or other correctional treatment.[1] Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). And the Court has considered the danger to the public as the result of any reduction in defendant's sentence,

---

[1] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 131 S. Ct. 2382 (2011).

the seriousness of defendant's offenses, and the need to protect the public.  *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

The government informs the Court that defendant has incurred disciplinary sanctions on six separate occasions, for offenses involving violence against others (threatening bodily harm in March 2014, and fighting in October 2012) and noncompliance with prison regulations (refusing work or program assignments in January 2015 and January 2014, and possessing prohibited items in April 2013 and February 2012), but that it has no other information to present in opposition to a sentence reduction under Amendment 782.  The government states that it defers to the Court's discretion whether to grant a reduction in the defendant's sentence, and, if so, to what extent.

Accordingly, after considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds a reduction in defendant's sentence to be appropriate.  In making this determination, the Court is particularly influenced by the changes in offense levels affected by Amendment 782.  The Court has also taken into consideration the risk defendant poses to public safety, the nature and circumstances of defendant's offense(s), defendant's personal characteristics, criminal history, and post-sentencing conduct.

II.     **Motion to Dismiss Counts and for Summary Judgment and Immediate Release**

Defendant has filed a pro se motion styled, "MOTION to Dismiss Counts for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) and for Summary Judgment and Immediate Release Pursuant to Rule 56(c)" [Doc. 294].  This document asserts that "Defendant is actually innocent of being in possession of a 'firearm' as defined by

Congress." Whether or not that is true, this motion is not the proper vehicle for defendant to obtain any relief that he might be owed. Because this claim is statutory, and because defendant has already had a § 2255 motion adjudicated [Doc. 255], this claim is cognizable, if at all, only under the savings clause found at § 2255(e). *See Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018). There, the Sixth Circuit explained as follows:

> Ordinarily, a federal prisoner may collaterally attack the validity of his conviction or sentence only under 28 U.S.C. § 2255. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). However, the so-called savings clause, found at § 2255(e), permits a federal prisoner to petition under § 2241 if "the remedy by motion under § 2255 is inadequate or ineffective to test the legality of his detention." To obtain relief under the savings clause, the prisoner must not only be barred from proceeding under § 2255 (which Harrington is), but must also be determined to be "actually innocent." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

*Id.* Thus, The Court construes defendant's motion as an attempt to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and will proceed accordingly.

## III. Conclusion

For the reasons stated herein, defendant's motion [Doc. 395] is **GRANTED** and defendant's sentence is **REDUCED** to **363 months' imprisonment**. If this sentence is less than the amount of time defendant has already served, the sentence shall be reduced to a "time served" sentence. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C).

Except as otherwise provided in this order, all provisions of the judgment dated July 19, 2010 [Doc. 224], shall remain in effect.

Moreover, the Court **DIRECTS** the Clerk to open a civil case file, with defendant's motion, which the Court construes as an attempted filing under 28 U.S.C. § 2241, docketed

in it [Doc. 294], and further **DIRECTS** the Clerk to send defendant the correct form motion (AO 242).

IT IS SO ORDERED.

                                          s/ Thomas A. Varlan
                                          UNITED STATES DISTRICT JUDGE